1  David C. Kiernan (State Bar No. 215335)
   dkiernan@jonesday.com
2  Craig E. Stewart (State Bar No. 129530)
   cestewart@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA 94104
   Telephone:   +1.415.626.3939
5  Facsimile:   +1.415.875.5700

6  Dayme Sanchez (State Bar No. 323864)
   daymesanchez@jonesday.com
7  JONES DAY
   1755 Embarcadero Road
8  Palo Alto, CA 94303
   Telephone:   +1.650.739.3939
9  Facsimile:   +1.650.739.3900

10 Attorneys for Defendant
   THE PROCTER & GAMBLE COMPANY

11

12                     UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14

15 | LAURA LOOMER, as an individual and in her capacity as a Candidate for United States Congress, and LAURA LOOMER FOR CONGRESS, INC., | Case No. 3:22-cv-02646-LB

16 | | **THE PROCTER & GAMBLE COMPANY'S MOTION TO DISMISS AND JOINDER IN CO-DEFENDANTS' MOTIONS TO DISMISS**

17 |                         Plaintiffs, |

18 |         v. | Judge: Honorable Laurel Beeler

19 | META PLATFORMS, INC., MARK ZUCKERBERG, in his capacity as CEO of Meta Platforms, Inc. and as an individual, TWITTER, INC., and JACK DORSEY, in his capacity as former CEO of Twitter, Inc. and as an individual, THE PROCTOR & GAMBLE CO., and DOES 1-100, Individuals, | Date: January 26, 2023
20 | | Time: 9:30 a.m.
21 | | Courtroom: B, 15th Floor
22 |
23 |
24 |                         Defendants. |

25

26

27

28

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION .................................................................................... 1

RELIEF SOUGHT ..................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1

INTRODUCTION ...................................................................................................................... 1

BACKGROUND ........................................................................................................................ 1

ARGUMENT .............................................................................................................................. 2

CONCLUSION ........................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*DJ Lincoln Enterprises, Inc. v. Google, LLC*,
 No. 2:20-CV-14159, 2021 WL 184527 (S.D. Fla. Jan. 19, 2021) .................................................. 5

*Fraser v. Team Health Holdings, Inc.*,
 No. 20-CV-04600-JSW, 2022 WL 971579 (N.D. Cal. Mar. 31, 2022) ........................................ 3

*Gilbert v. MoneyMutual, LLC*,
 No. 13-CV-01171-JSW, 2018 WL 8186605 (N.D. Cal. Oct. 30, 2018) ...................................... 3

*Shaw v. Nissan N. Am., Inc.*,
 220 F. Supp. 3d 1046 (C.D. Cal. 2016) ................................................................................... 3, 4

*Spotlight Ticket Management, Inc. v. StubHub, Inc.*,
 No. CV 19-10791 PA (JCX), 2020 WL 4342260 (C.D. Cal. May 22, 2020) .............................. 4

*Woodell v. Expedia Inc.*,
 No. C19-0051JLR, 2019 WL 3287896 (W.D. Wash. July 22, 2019) ...................................... 3, 4

Rules

Fed. R. Civ. P., Rule 12(b)(6) ........................................................................................................... 1

**NOTICE OF MOTION AND MOTION**

Please take notice that on January 26, 2023, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Laurel Beeler of the United States District Court for the Northern District of California, defendant The Procter & Gamble Company ("P&G") will and hereby moves to dismiss the First Amended Complaint (ECF 69). Please take further notice that P&G joins in the motions to dismiss of co-defendants Meta Platforms, Inc. and Mark Zuckerberg (together, "Meta") and Twitter, Inc. and Jack Dorsey (together, "Twitter") to be heard on that same date.

**RELIEF SOUGHT**

P&G requests dismissal of all causes of action with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

This latest installment in plaintiff Laura Loomer's serial lawsuits over her ban from Facebook and Twitter adds P&G as a defendant. But Loomer has not stated a valid claim against P&G. To the contrary, her complaint demonstrates that P&G's conduct was lawful and not actionable. P&G is alleged only to have asserted its own legitimate business interest in not having its advertisements appear next to hateful, denigrating, discriminatory, or other similarly offensive content. Loomer alleges no possible basis for concluding that doing so was unlawful under any cognizable legal theory, let alone that P&G formed a RICO enterprise with Meta and Twitter to engage in a purported pattern of racketeering activity. The Court should dismiss her complaint with prejudice.

**BACKGROUND**

The complaint says very little about P&G, and nothing that states a valid claim. The 118-page, 387-paragraph complaint contains only a small handful of paragraphs that mention P&G. ECF 69, ¶¶ 37–8, 233–39, 291, 292. Loomer alleges that a P&G employee announced at an April 11, 2019 meeting of the Association of National Advertisers that P&G "would require advertising platforms to 'prove' that their content was 'under their complete control.'" *Id.* ¶ 233. The next

1    month, P&G allegedly provided a list of persons who were to be banned from Facebook unless
2    those persons disavowed the Proud Boys. *Id.* ¶ 234.  The complaint offers no facts to support this
3    implausible allegation, citing only an unidentified "knowledgeable and reliable source." *Id.*
4    Loomer does not allege who at P&G supposedly provided this list or to whom it was provided.
5    *Id.*  Nor does she allege that this purported list said anything about Loomer.  In the complaint's
6    only allegation attempting to tie P&G specifically to Loomer, Loomer alleges that, "[o]n or about
7    May 2019," P&G demanded that Facebook label Loomer a "'Dangerous Individual' and ban her
8    from using Facebook's platform." *Id.* ¶ 235.  Again, Loomer offers no supporting facts and
9    attributes the allegation only to an unidentified "knowledgeable and reliable source." *Id.*

10          That is the entirety of the allegations that attempt to connect P&G to Loomer.  The
11   remaining allegations about P&G describe alleged P&G statements or meetings as reported in
12   news articles from June 24, 2020, more than a year after Loomer alleges she was permanently
13   removed from Facebook and Twitter. *Id.* ¶¶ 236–39; *see id.* ¶ 217 (alleging permanent removal
14   from Twitter on November 21, 2018); *id.* ¶ 218 (alleging permanent removal from Facebook on
15   May 2, 2019).  In those articles, a P&G employee is quoted as saying that P&G would not
16   advertise near certain types of content and that it stopped spending on websites that do not meet
17   its standards. *Id.* ¶¶ 237, 239.  P&G is also reported to have met with a civil rights group to
18   discuss Facebook's removal of content. *Id.* ¶ 238.

19          The complaint says nothing at all about any connection between P&G and Twitter, let
20   alone any connection that involves Loomer.  It does not allege anything about any P&G
21   advertising on Twitter, any purported contacts between P&G and Twitter regarding offensive
22   content on Twitter, or that Twitter took any action regarding Loomer or anyone else in response
23   to anything P&G said or did.  All of the statements or conduct attributed to P&G occurred long
24   after Loomer alleges Twitter banned her in November 2018. *Id.* ¶ 217.

## ARGUMENT

26          P&G joins in and adopts the arguments in Meta's and Twitter's motions to dismiss
27   regarding Loomer's failure to allege valid RICO claims.  As those motions demonstrate, Loomer
28   has failed to validly allege any of the required elements of a RICO claim, including a RICO

1  enterprise, a pattern of racketeering activity, causation, injury, predicate acts, or conspiracy. All
2  of these defects defeat Loomer's claim as to P&G, just as they do as to Meta and Twitter.

3  Indeed, the claims against P&G are particularly unfounded given that P&G is alleged only
4  to have acted to protect its own independent business interest in not having its advertisements
5  appear next to hateful, denigrating, discriminatory, or other similarly offensive content. *Id.* ¶¶
6  233–39. Loomer does not allege any relationship between P&G and Twitter at all, and alleges
7  only that P&G advertises on Facebook and has interacted with Facebook regarding its
8  advertisements. *Id.* ¶¶ 235–36, 238–39. She does not allege that P&G had any interest or
9  involvement in Facebook's or Twitter's decisions or operations beyond P&G's independent
10 interest as an advertiser on Facebook. Nor does she allege that P&G made any fraudulent or
11 extortionate statements to Loomer, that Loomer relied on anything P&G said or did, or that P&G
12 obtained anything of value from her.

13 All of this defeats her claim. Courts in the Ninth Circuit have routinely held that
14 "ordinary business activities" undertaken by "entities . . . pursuing their own individual economic
15 interest, rather than a shared purpose," do not satisfy the "common purpose" element of a RICO
16 enterprise. *Woodell v. Expedia Inc.*, No. C19-0051JLR, 2019 WL 3287896, at *8 (W.D. Wash.
17 July 22, 2019); *Fraser v. Team Health Holdings, Inc.*, No. 20-CV-04600-JSW, 2022 WL 971579,
18 at *11 (N.D. Cal. Mar. 31, 2022) ("Courts routinely reject attempts to characterize routine
19 commercial relationships as RICO enterprises."); *Shaw v. Nissan N. Am., Inc.*, 220 F. Supp. 3d
20 1046, 1054 (C.D. Cal. 2016) ("[C]ourts have overwhelmingly rejected attempts to characterize
21 routine commercial relationships as RICO enterprises." (internal quotations and citation
22 omitted)); *Gilbert v. MoneyMutual, LLC*, No. 13-CV-01171-JSW, 2018 WL 8186605, at *11
23 (N.D. Cal. Oct. 30, 2018) ("Although the reasoning varies, 'there has been a remarkable
24 uniformity in [the] conclusion that RICO liability must be predicated on a relationship more
25 substantial than a routine contract between a service provider and its client.'" (citation omitted;
26 alternation in original)).

27 In *Woodell,* the plaintiff argued that the defendants, including Expedia and Hotels.com,
28 formed an enterprise with Reservations.com to charge consumers a "Taxes and Fees" charge that

was not remitted to the government, but instead was additional profits for the defendants. 2019 WL 3287896 at *1–2. The plaintiff alleged the defendants operated a RICO enterprise to deceive consumers for the purpose of obtaining money through the "Taxes and Fees" charge. *Id.* at *3. The court found the "[a]llegations . . . consistent with ordinary business activities or purposes [were] insufficient [to] plead[] an association-in-fact RICO enterprise." *Id.* at *8. "Where the alleged association-in-fact is formed through routine contracts for services, the 'common purpose' element is unmet because the entities are pursuing their own individual economic interests, rather than a shared purpose." *Id.*

Similarly, in *Spotlight Ticket Management, Inc. v. StubHub, Inc.*, No. CV 19-10791 PA (JCX), 2020 WL 4342260 (C.D. Cal. May 22, 2020), the court found the relationship between defendant StubHub and a company (Awin) with which it contracted to track and pay commissions owed for ticket sales was a "routine commercial relationship," and thus not sufficient to plead a RICO enterprise. *Id.* at *4. The court explained the "[d]efendants were pursuing their individual economic interests, rather than a shared purpose." *Id.* And "[p]arties that enter commercial relationships 'for their own gain or benefit' do not constitute an 'enterprise.'" *Id.* "Simply characterizing routine commercial dealing as a RICO enterprise is not enough." *Id.* (internal quotations and citation omitted). Thus, the court dismissed the complaint even though the plaintiff alleged that "Awin allegedly perpetuated StubHub's misrepresentations by underreporting and underpaying commissions" to plaintiff and others. *Id.* at *3; *see also Shaw*, 220 F. Supp. 3d at 1057 (granting motion to dismiss where the complaint "only demonstrate that the parties 'are associated in a manner directly related to their own primary business activities'").

These rulings apply fully here and bar Loomer's claim. Her complaint shows that, at most, P&G had a commercial relationship with Facebook in which it was pursuing its individual economic interest in its own primary business activities. That relationship does not constitute a RICO enterprise any more than the even closer commercial relationships the courts found insufficient in cases like *Woodell* and *Spotlight*, where the defendants each participated in the transaction at issue with the plaintiff and allegedly acted together to defraud the plaintiff. P&G has a business interest in how its company and products are advertised and what content those

1  advertisements are associated with.  It pays Facebook for advertising space and is concerned
2  about the context and placement of its advertisements.  Loomer cannot transform the business
3  relationship of P&G and Facebook into an unlawful RICO enterprise by alleging they shared a
4  common purpose to ban Loomer.  *DJ Lincoln Enterprises, Inc. v. Google, LLC*, No. 2:20-CV-
5  14159, 2021 WL 184527, at *3 (S.D. Fla. Jan. 19, 2021) ("While Plaintiff alleges in a conclusory
6  manner that members of the purported enterprise had a common purpose to discriminate against
7  and censor conservatives and to damage businesses that conservatives run, Plaintiff has not
8  alleged any facts to demonstrate that each member shared this common purpose.").  The
9  allegations identify nothing more than an ordinary business transaction.

## CONCLUSION

For the foregoing reasons, and the reasons stated in the motions to dismiss of Meta and Twitter, the complaint should be dismissed with prejudice.

Dated: October 27, 2022                         JONES DAY

                                                By:  /s/ *David C. Kiernan*
                                                     David C. Kiernan
                                                     Craig E. Stewart
                                                     Dayme Sanchez

                                                Attorneys for Defendant
                                                THE PROCTER & GAMBLE COMPANY