David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Craig E. Stewart (State Bar No. 129530)
cestewart@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    +1.415.626.3939
Facsimile:    +1.415.875.5700

Dayme Sanchez (State Bar No. 323864)
daymesanchez@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:    +1.650.739.3939
Facsimile:    +1.650.739.3900

Attorneys for Defendant
THE PROCTER & GAMBLE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LOOMER, as an individual and in her capacity as a Candidate for United States Congress, and LAURA LOOMER FOR CONGRESS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., MARK ZUCKERBERG, in his capacity as CEO of Meta Platforms, Inc. and as an individual, TWITTER, INC., and JACK DORSEY, in his capacity as former CEO of Twitter, Inc. and as an individual, THE PROCTOR & GAMBLE CO., and DOES 1-100, Individuals, <br><br> Defendants. | Case No. 3:22-cv-02646-LB <br><br> **THE PROCTER & GAMBLE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND JOINDER IN CO-DEFENDANTS' MOTIONS TO DISMISS** <br><br> Judge: Honorable Laurel Beeler <br><br> Date: March 9, 2023 <br> Time: 9:30 a.m. <br> Courtroom: B, 15th Floor |

## INTRODUCTION

As P&G's motion to dismiss demonstrated, an ordinary business relationship in which each party is pursuing its own economic interests is not a RICO enterprise. Plaintiffs cite no case holding otherwise. And plaintiffs do not—and cannot—point to any allegation showing that P&G and Facebook had anything other than an ordinary business relationship in which each was pursuing its individual economic interests. For this reason (and for the further reasons explained in the reply briefs of Meta and Twitter, which P&G joins), the Court should dismiss the Amended Complaint with prejudice.

## ARGUMENT

P&G's motion described the numerous decisions squarely holding that "[a]llegations . . . consistent with ordinary business activities or purposes are insufficient [to] plead[] an association-in-fact RICO enterprise." *Woodell v. Expedia Inc.*, No. C19-0051JLR, 2019 WL 3287896, at *8 (W.D. Wash. July 22, 2019); *see* Mot. at 3–5. Loomer does not address these cases and thus concedes that they govern here. *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. April 25, 2013) (collecting cases holding that failure to respond to an argument in an opposition brief may constitute a concession of the argument). Nor does Loomer dispute that P&G had an independent economic interest in not having its advertisements appear next to hateful, denigrating, discriminatory, or other similarly offensive content. That, by itself, requires that Loomer's complaint be dismissed.

Loomer tries to avoid that result by asserting for the first time in her opposition that Facebook's Joshua Althouse told Loomer "over text message and several phone calls" that "P&G was putting pressure on Facebook to ban certain high-profile, conservative users, including Ms. Loomer, or else P&G would not renew its advertising agreement with Facebook." Opp. at 9. Loomer cannot escape dismissal by introducing new allegations in her opposition. Indeed, the Court may not consider factual allegations not included in the Amended Complaint. *Schneider v. Cal. Dept. of Corr.* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphases in

1  original)); *Harper v. City of Arcadia*, No. CV0802286MMMMANX, 2008 WL 11409989, at *6
2  n.25 (C.D. Cal. Sept. 29, 2008) ("The court cannot consider allegations found only in [the
3  plaintiff's] opposition memorandum and not in complaint.").

4  But even if the Court were to consider Loomer's new assertion, the assertion fails to
5  support a RICO claim because it shows P&G was merely pursuing its individual economic
6  interest in a commercial transaction. Assuming the assertion is true for purposes of the motion to
7  dismiss, at most, it reflects P&G's decision not to have its advertisements appear near offensive
8  content and P&G's informing Facebook of that decision. This shows that P&G was pursuing its
9  own economic interests, not entering a RICO enterprise.

10  Nor can Loomer avoid dismissal by arguing that P&G and Facebook had a "common
11  purpose of suppressing speech." Opp. at 25. First, the Amended Complaint does not allege any
12  facts showing that P&G harbored any such purpose, as opposed to simply seeking to protect itself
13  from being associated with hateful, discriminatory, or otherwise offensive content. Second, even
14  if P&G had such a purpose, that purpose would not be enough because it is not "unrelated to
15  ordinary business . . . aims"—*i.e.*, its business aim of protecting how its company and products
16  are advertised and what content those advertisements are associated with. *Comm. to Protect our
17  Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1175 (E.D. Cal. Jan. 20,
18  2017); *see also Telford v. Montana Land Exch.*, No. CV 19-2-BU-BMM-JCL, 2019 WL
19  5300200, at *4 (D. Mont. July 16, 2019) (plaintiff failed to plead common purpose where the
20  "allegations do not plausibly demonstrate all Defendants engaged in enterprise conduct that was
21  distinct from their own individual, ordinary business affairs").

22  In short, P&G's alleged conduct was fully consistent with its own legitimate business
23  interests. It was not unlawful conduct under any theory, much less racketeering in violation of
24  RICO.

## CONCLUSION

26  The Amended Complaint should be dismissed with prejudice.

Dated: February 13, 2023

JONES DAY

By: /s/ *David C. Kiernan*
David C. Kiernan
Craig E. Stewart
Dayme Sanchez

Attorneys for Defendant
THE PROCTER & GAMBLE COMPANY