**JOHN PIERCE LAW, P.C.**
John M. Pierce
jpierce@johnpiercelaw.com
21550 Oxnard St.
3rd Flr., PMB 172
Woodland Hills, CA 91367
(213) 349-0054

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAURA LOOMER, as an individual, LAURA LOOMER, in her capacity as a Candidate for United States Congress, and LAURA LOOMER FOR CONGRESS, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>META PLATFORMS, INC., MARK ZUCKERBERG, in his capacity as ceo of Meta Platforms, Inc. and as an individual, TWITTER, INC., and JACK DORSEY, in his capacity as former CEO of Twitter, Inc. and as an individual, THE PROCTOR & GAMBLE CO., and DOES 1-100, individuals,<br><br>Defendants | Case No.: 3:22-cv-02646-LB<br>Hon. Laurel Beeler<br><br><br><br><br><br>**JOINT STATEMENT IN RESPONSE TO MARCH 7, 2023 COURT ORDER** |

JOINT STATEMENT IN RESPONSE TO MARCH 7, 2023 COURT ORDER - 1

**PLAINTIFFS' STATEMENT**

Pursuant to the direct language in the Court's Order, Plaintiffs' have attempted to confer with Defendants as to which of the two approaches is advisable (a hearing on the Motion to Amend or stipulation to filing the SAC and the filing of new motions to dismiss). Regrettably, as made clear by their statement below, counsel for Twitter and Dorsey have refused to confer on this precise issue and are thus in contempt of a Court Order. In addition, counsel for Twitter and Dorsey are attempting to flout the other clear language of the Order that has already cancelled tomorrow's hearing. Plaintiffs also consider this contempt of Court. Plaintiffs' counsel is now no longer available for a hearing tomorrow since in reliance on the Court's clear Order he has already made numerous other commitments both today and tomorrow, including work on numerous January 6th criminal cases. With respect to the issue counsel was Ordered to actually confer on, Plaintiffs' are amenable to whichever approach the Court deems most advisable from a judicial efficiency standpoint. Plaintiffs' greatly appreciate the Court's time, efforts and diligence in addressing the extremely important issues raised in this case and in the pending motion.

**DEFENDANT TWITTER AND DORSEY'S STATEMENT**

The Twitter Defendants ("Twitter") respectfully suggest the Court adopt a different approach than one of the two suggested in the Order. Twitter has reviewed a redline (provided by Plaintiff's counsel at our request; attached hereto as Exhibit A for the Court's convenience) of the Proposed Second Amended Complaint ("SAC") and believes that the Court can proceed with the as-briefed motion to dismiss, at least in part.

In particular, the changes in the Proposed SAC do not have any bearing on the legal analysis of the Claim Preclusion and Section 230 arguments in Twitter's pending Motion to Dismiss ("MTD"). Nor do they address Twitter's request to strike the punitive damages claim (a request Plaintiff did not address in her opposition papers but seeks to re-assert in the Proposed SAC). By contrast, Twitter acknowledges that the proposed SAC does add more factual allegations to the RICO claims (though Twitter believes such new allegations are futile).

Given this, the substantial resources the parties and the Court have invested in the pending MTDs, and the fact that Plaintiff already once amended in the face of a pending MTD, Twitter proposes that the Court proceed with argument on the pending MTDs tomorrow, but limit the argument to claim preclusion, Section 230, and the punitive damages prayer. If the Court grants the MTD, it can then evaluate to do so with or without leave to amend depending on whether the proposed SAC would overcome the ground(s) for the Court's granting the MTD. And if the Court were to deny the MTD based on Claim Preclusion and Section 230, the parties could move forward with the motion for leave. Any subsequent motion to dismiss (whether on the SAC or the FAC, depending on whether leave to amend is granted) would thus primarily focus on the substance of the RICO claim.

Twitter's suggested approach is well within the Court's discretion. *See Datastorm Techs., Inc. v. Excalibur Commcs, Inc.*, 888 F. Supp. 112, 114 (N.D. Cal. 1995) (applying motion to dismiss complaint to amended complaint where the amendment "does not [a]ffect the defects" on which the motion to dismiss was based); *McCarthy v. Luong*, 2016 WL 6834095, at *2 (E.D. Cal. Nov. 21, 2016) (considering motion to dismiss where "the FAC [did] not resolve the two main issues Defendants raised in their motion to dismiss the OC"); *see also Fitzgerald v. State*, No. Civ. 96-2077, 1997 WL 579193, at *3 (D. Ariz. July 9, 1997), ("[T]he Court may exercise its discretion

to consider a motion to dismiss the original complaint where the amended complaint fails to cure the defects of the original complaint."), *aff'd sub nom. Fitzgerald v. Ariz.*, 133 F.3d 926 (9th Cir. 1997); 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.) § 1476 ("On the other hand, defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance."). Notably, these authorities apply when a plaintiff has already filed the amended pleading; where, as here, plaintiff is still seeking leave to amend, the Court's case management options are even more flexible.

Twitter respectfully suggests that this proposal is the optimal case management approach here, for several reasons. First, it minimizes the waste of the resources the parties and the Court have already committed with the current MTD briefing. Second, it is not unusual. Many courts require submission of a proposed amended complaint to obtain leave to amend in the motion to dismiss context. *E.g., Wolgin v. Simon*, 722 F.2d 389, 394-95 (8th Cir. 1983) (applying rule requiring submission of proposed amended pleading in motion to dismiss context). Third, it is a feasible given that Twitter's arguments on Claim Preclusion and Section 230 are unaffected by the proposed new factual allegations: the Proposed SAC still has the exact same flaw as the FAC—it is entirely based on Twitter's decision to ban Plaintiff. Fourth, it allows the Court to efficiently sequence the dispositive issues, deferring consideration of the more fact-intensive RICO pleading challenges until necessary, and focusing now on threshold legal issues. Fifth, by potentially avoiding the delay and cost of briefing the motion for leave and/or moving to dismiss a SAC, Twitter's proposed approach furthers a core policy goal of both claim preclusion doctrine and Section 230 immunity. *Fair Housing Council of San Fernando Valley v. Roommates.com*, LLC,

521 F.3d 1157, 1170–71 (9th Cir. 2008) (urging close cases be "resolved in favor of immunity, lest we cut the heart out of section 230 by forcing websites to face death by ten thousand duck-bites …"); *Tidwell v. JPMorgan Chase Bank, N.A.*, 2013 WL 5539414, at *9 (N.D. Cal. Oct. 8, 2013) (claim preclusion "serves to promote judicial efficiency"); *Ruiz v. Mobert*, 2021 WL 2711156, at *4 (E.D. Cal. July 1, 2021) ("Claim preclusion [operates] … in order to further court efficiency and preserve court resources").

### DEFENDANT FACEBOOK AND ZUCKERBERG'S STATEMENT

Defendants Meta Platforms, Inc. and Mark Zuckerberg (collectively, "Meta") agree with the Twitter Defendants that the allegations in Plaintiffs' proposed Second Amended Complaint have no bearing on defendants' arguments that res judicata and Section 230 foreclose Plaintiffs' claims. If the Court wishes to go forward with a hearing on those issues tomorrow, Meta will be prepared to address them. However, Meta's preference is to proceed with Option 1 outlined in the Court's March 7, 2023 order, ECF 115: that the Court receive briefing on Plaintiffs' Motion for Leave to File a Second Amended Complaint and then set a hearing for April 13, 2023 to hear argument on the still-pending Motions to Dismiss as well as the completed briefing on Plaintiffs' Motion for Leave. Meta will oppose Plaintiffs' Motion for Leave, and argue in its Opposition that the proposed Second Amended Complaint confirms that dismissal should be with prejudice.

### DEFENDANT PROCTOR & GAMBLE'S STATEMENT

If the Court elects to hold a hearing on the current motions to dismiss (either tomorrow or at a later date), P&G has already briefed the sole new allegation in the proposed SAC as to P&G and thus the Court can resolve the claims as to P&G for the reasons already briefed. Plaintiff's

proposed SAC adds an allegation that a Meta employee told Loomer that "P&G was pressuring Meta to ban Loomer and a list of other high profile conservatives if Meta wished to maintain its advertising revenue agreement with P&G." SAC ¶ 270. Plaintiff raised this new allegation in her opposition brief to P&G's motion to dismiss. ECF 87 at 9. As explained in P&G's reply brief, this new allegation does not cure her defect in pleading a RICO claim against P&G because the new allegation only confirms that P&G was merely pursuing its individual economic interest in a commercial transaction. ECF 110 at 2 (citing cases holding hat allegations consistent with ordinary business activities or purposes are insufficient to plead a RICO enterprise). While the claims against P&G fail under RICO for other reasons as well, this fully briefed ground (which applies equally to the SAC as to the current complaint) is dispositive. If the Court does not proceed with a hearing on the current motions to dismiss, P&G intends to oppose plaintiff's motion to for leave to file the SAC.

Dated March 8, 2023.                                    Respectfully submitted,

                                                            /s/ John M. Pierce
                                      John M. Pierce
                                      John Pierce Law, P.C.
                                      jpierce@johnpiercelaw.com
                                      21550 Oxnard St., 3rd Fl PMB 172
                                      Woodland Hills, CA 91367
                                      (213) 349-0054

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 8, 2023, the foregoing document was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

/s/ John M. Pierce
John M. Pierce