# Exhibit 1

WILMERHALE

December 22, 2022

**By E-mail**

**Sonal N. Mehta**

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

John M. Pierce
jpierce@johnpiercelaw.com
21550 Oxnard St., 3rd Fl PMB 172
Woodland Hills, CA 91367

**Re:**   *Loomer et al. v. Meta Platforms, Inc., et al.*, No. 3:22-02646-LB (N.D. Cal.)

Dear Mr. Pierce,

We write on behalf of Meta Platforms, Inc. and Mark Zuckerberg (collectively, "Meta") regarding the above-captioned matter.  As we outlined in our July 8, 2022 letter, your Original Complaint cast serious doubt on the existence of a good-faith basis to proceed with this suit.  Not only did your Amended Complaint fail to assuage that doubt, but your Opposition to our Motion to Dismiss made it doubly clear that Plaintiff's claims are not viable and that further amendment would be futile.  We write to request—again—that you withdraw your Amended Complaint in view of the fundamental, incurable problems we have repeatedly identified, and that you do so before we (or the Court) have to expand more resources addressing your client's meritless claims. *See O'Rourke v. Dominion Voting Systems, Inc.*, 2022 WL 17588344 (10th Cir. Dec. 13, 2022).

Chief among those problems is that Plaintiff's claims arise out of the same key facts as the grievances Ms. Loomer has already taken to court—and lost or voluntarily dismissed—on multiple prior occasions.  Moreover, the "revelations" that Ms. Loomer's Opposition cites about an alleged conversation between Meta and the federal government do not alter this reality. Those allegations are "scarcely enough to establish that the instant lawsuit arises out of a different 'transactional nucleus of facts' than that which generated" her prior suits.  *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982).  Plaintiffs cannot overcome this res judicata bar by dressing up old claims in new conspiracy theories.

Claim preclusion aside, despite multiple attempts, Ms. Loomer has not pleaded a RICO violation or RICO conspiracy.  Instead, Ms. Loomer's Opposition underscores that she cannot plausibly allege conduct by Meta or Mr. Zuckerberg that states a RICO claim.  Meta's Motion to Dismiss explained the legal framework governing RICO claims and why Ms. Loomer's allegations did not establish conduct of a RICO enterprise, a pattern of racketeering activity, a cognizable RICO injury, or any RICO predicate act under those standards.  Ms. Loomer's Opposition unfortunately makes clear that she is not willing to engage with the legal standards that foreclose her claim.  Most troublingly, Ms. Loomer has no answer to Meta's explanation that alleged violations of 18 U.S.C. § 2385 are not RICO predicate acts.  In fact, Ms. Loomer suggests that she will seek to file another amended complaint to double-down on her frivolous

WILMERHALE

John M. Pierce
December 22, 2022
Page 2

allegations that Meta attempted to forcibly overthrow the government.  You are on notice that
Meta will seek all appropriate remedies should Ms. Loomer seek to impose further burden and
expense on Meta (and the Court) to address an obviously baseless claim.

Finally, Section 230 independently bars Plaintiff's claims.  Both Meta and Mr.
Zuckerberg are providers of an "interactive computer service" such that they are subject to its
protections; the content at issue was "created entirely by individuals or entities" other than Meta
and Mr. Zuckerberg; and the claims impermissibly seek to hold Meta liable for publishing third-
party content.  *See Sikhs for Justice "SFJ," Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1092-
1093 (N.D. Cal. 2015), *aff'd*, 697 F. App'x 526 (9th Cir. 2017).  Plaintiff's failed attempt to once
again plead around Section 230 has no merit and cannot be cured.

In short, neither the Amended Complaint nor your Opposition to our Motion to Dismiss
demonstrate that Plaintiffs have a single viable legal claim against Meta or Mr. Zuckerberg, or
even that the Amended Complaint's numerous deficiencies could be cured by further
amendment.  We ask that Ms. Loomer dismiss her baseless claims and that you, as counsel, re-
evaluate her claims and avoid prolonging this meritless suit.

Sincerely,

Sonal N. Mehta
*Counsel for Meta Platforms, Inc.*
*and Mark Zuckerberg*

cc:     Ari Holtzblatt
        Emily Barnet
        Jeremy W. Brinster