**WILLKIE FARR & GALLAGHER LLP**
JONATHAN A. PATCHEN (SBN 237346)
jpatchen@willkie.com
YUHAN ALICE CHI (SBN 239521)
ychi@willkie.com
One Front Street, 34th Floor
San Francisco, California 94111
Telephone: (415) 858-7400

MICHAEL GOTTLIEB (DCBN 974960)*
mgottlieb@willkie.com
MERYL CONANT GOVERNSKI (DCBN 1023549)*
mgovernski@willkie.com
1875 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1442

KRISTIN E. BENDER (NYBN 5513775)*
kbender@willkie.com
Citypoint, 1 Ropemaker Street
London EC2Y 9AW, United Kingdom
Telephone: +44 203 580 4833
*Pro Hac Vice

Attorneys for Defendants
**TWITTER, INC. and JACK DORSEY**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Laura Loomer, *et al.*, <br><br>             Plaintiffs, <br><br>       v. <br><br> Meta Platforms, Inc. d/b/a Meta f/k/a Facebook, Inc., Mark Zuckerberg, in his capacity as CEO of Facebook, Inc. and as an individual, Twitter, Inc. and Jack Dorsey, in his capacity as former CEO of Twitter, Inc. and as an individual, The Proctor & Gamble Company, Does 1-100, Individuals, <br><br>             Defendants. | Case No. 3:22-cv-2646-LB <br><br> **DEFENDANTS TWITTER, INC., AND JACK DORSEY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND** <br><br> Date:   April 13, 2023 <br> Time:  9:30am <br> Place:  Zoom <br><br> Complaint Filed: May 2, 2022 <br> FAC Filed: August 29, 2022 |

# **TABLE OF CONTENTS**

Statement Of Issues To Be Decided ........................................................................... vi

**Introduction** ................................................................................................................. 1

**Background** .................................................................................................................. 2

        A.      Twitter Banned Loomer on November 21, 2018, for Engaging in Hateful Conduct, Which Prompted Loomer to File Separate Suits Shortly Thereafter. ....................................................................................2

        B.      Loomer Filed This Lawsuit Nearly a Year Ago and Now Has Twice Taken Steps to Amend Her Complaint after Twitter Briefed Motions to Dismiss. ....................................................................................3

        C.      Plaintiff's Motion and Proposed Second Amended Complaint. ...................4

**Legal Standard** ........................................................................................................... 5

**Argument** .................................................................................................................... 6

    I.     IT WOULD BE FUTILE TO PERMIT LOOMER TO AMEND THE COMPLAINT ......................................................................... ........6

        A.      The "New" Evidence Does Not Change That Loomer's Lawsuit Is Barred by Res Judicata ..................................................................................6

        B.      Granting Leave to Amend Would Be Futile Because Section 230 Continues to Bar Loomer's Claims .................................................................8

        C.      It Would Be Futile To Permit Loomer To Further Amend The Complaint Because Loomer's Proposed Second Amended Complaint Does Not Sufficiently Allege Any RICO Claim .....................9

    II.    THE OTHER RULE 15 FACTORS ALSO CUT AGAINST LEAVE TO AMEND. ................................................................................. ......14

        A.      Permitting Another Bite At Amendment Would Prejudice Twitter. .........15

        B.      Loomer Has, Twice, Received Notice And Failed To Cure. ....................16

        C.      Loomer's Attempt To Amend, Yet Again, Demonstrates Undue Delay And Bad Faith. ...............................................................................16

    III.   IF THE COURT GRANTS AMENDMENT, TWITTER RESPECTFULLY ASKS THAT THE COURT AWARD THE COSTS CONFERRED IN THE *CAIR* CASE AND STAY THIS CASE PENDING SUCH PAYMENT. ..................................................................................... .....17

**Conclusion** ............................................................................................................... 18

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Ascon Props., Inc. v. Mobil Oil Co.*,
   866 F.2d 1149 (9th Cir. 1989) ........................................................................6

5

6

*Attia v. Google LLC*,
   2018 WL 2971049 (N.D. Cal. June 13, 2018) .................................................14

7

*Banga v. First USA, N.A.*,
   2010 WL 6184482 (N.D. Cal. Dec. 8, 2010) (Beeler, J.) ..............................18

8

9

*Boyle v. United States*,
   556 U.S. 938 (2009) ........................................................................................11

10

*Chaset v. Fleer/Skybox Int'l, LP*,
   300 F.3d 1083 (9th Cir. 2002) .......................................................................10

11

12

*Datt v. Wells Fargo Bank, N.A.*,
   2019 WL 5722384 (N.D. Cal. Nov. 5, 2019) ...................................................7

13

14

*Diggs v. Davis*,
   2021 WL 9410151 (N.D. Cal. Sep. 16, 2021) .................................................17

15

*Dobbs v. Jackson Women's Health Org.*,
   142 S.Ct. 2228 (June 24, 2022) .......................................................................8

16

17

*Doe v. Walmart Inc.*,
   2019 WL 499754 (N.D. Cal. Feb. 8, 2019) ....................................................10

18

19

*Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*,
   521 F.3d 1157 (9th Cir. 2008) ...................................................................8, 16

20

*Freedom Watch, Inc. v. Google, Inc.*,
   816 F. App'x 497 (D.C. Cir. May 27, 2020) ...........................................*passim*

21

22

*Fyk v. Facebook, Inc.*,
   2019 WL 11288576 (N.D. Cal. June 18, 2019) ................................................9

23

24

*Griggs v. Pace Am. Grp., Inc.*,
   170 F.3d 877 (9th Cir. 1999) .........................................................................17

25

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) .........................................................16

26

27

28

*Holmes v. Secs. Investor Prot. Corp.*,
  503 U.S. 258 (1992)...................................................................................................10

*Huber v. Biden*.
  2022 WL 827248 (N.D. Cal. Mar. 18, 2022)...........................................................13

*Illoominate Media, Inc. v. CAIR Found.*,
  2019 WL 13168767 (S.D. Fla. Nov. 19, 2019), *aff'd, Illoominate Media, Inc. v.*
  *CAIR Florida, Inc.*, 841 F. App'x 132 (11th Cir. 2020) ...........................................3

*Jurin v. Google, Inc.*,
  695 F. Supp. 2d 1117 (E.D. Cal. 2010)....................................................................18

*King v. Facebook, Inc.*,
  572 F. Supp. 3d 776 (N.D. Cal. 2021) .......................................................................9

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
  940 F.2d 397 (9th Cir. 1991) ...................................................................................11

*Leadsinger, Inc. v. BMG Music Pub.*,
  512 F.3d 522 (9th Cir. 2008) .....................................................................................6

*Low v. LinkedIn Corp.*,
  900 F. Supp. 2d 1010 (N.D. Cal. 2012) ...................................................................16

*Lucero v. IRA Servs., Inc.*,
  2019 WL 5812175 (N.D. Cal. Nov. 7, 2019) (Beeler, J.)........................................14

*Mobile Emergency Hous. Corp. v. HP, Inc.*,
  2022 WL 18098217 (N.D. Cal. Dec. 7, 2022)..........................................................17

*Monterey Plaza Hotel Ltd. P'ship v. Loc. 483 of Hotel Emps. & Rest. Emps.*
  *Union, AFL-CIO*,
  215 F.3d 923 (9th Cir. 2000) .....................................................................................7

*Mpoyo v. Litton Electro-Optical Sys.*,
  430 F.3d 985 (9th Cir. 2005) ...............................................................................7, 15

*O'Handley v. Padilla*,
  579 F. Supp. 3d 1163 (N.D. Cal. 2022) ...................................................................13

*O'Handley v. Weber*,
  2023 WL 2443073 (9th Cir. Mar. 10, 2023)............................................................11

*Odom v. Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007) ...................................................................................13

*Olajide v. President of U.S.*,
  2023 WL 2062955 (N.D. Cal. Feb. 16, 2023) ........................................................16

*Oscar v. Univ. Students Co-op. Ass'n*,
  965 F.2d 783 (9th Cir. 1992), *abrogated on other grounds by Diaz v. Gates*,
  420 F.3d 897 (9th Cir. 2005) ...............................................................................10

*Oswald v. Identiv, Inc.*,
  2018 WL 3429081 (N.D. Cal. July 16, 2018)..........................................................6

*Ove v. Gwinn*,
  264 F.3d 817 (9th Cir. 2001) ................................................................................11

*Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms.*
  *Co. Ltd.*,
  943 F.3d 1243 (9th Cir. 2019) ................................................................................9

*Reddy v. Litton Indus., Inc.*,
  912 F.2d 291 (9th Cir. 1990) ................................................................................11

*Sanford v. MemberWorks, Inc.*,
  625 F.3d 550 (9th Cir. 2010) ................................................................................14

*Smith v. Barrett, Daffin, Frappier, Treder & Weiss, LLP*,
  2019 WL 2525185 (N.D. Cal. June 19, 2019) .........................................................8

*Sound Appraisal v. Wells Fargo Bank, N.A.*,
  2009 WL 3353057 (N.D. Cal. 2009) .....................................................................14

*Sprawldef v. Fed. Emergency Mgmt. Agency*,
  2016 WL 6696046 (N.D. Cal. Nov. 15, 2016), *aff'd*, 717 F. App'x 733 (9th
  Cir. 2018) (Beeler, J) ...........................................................................................17

*Tidwell v. JPMorgan Chase Bank, N.A.*,
  2013 WL 5539414 (N.D. Cal. Oct. 8, 2013)...........................................................15

*Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*,
  278 F.R.D. 505 (N.D. Cal. 2011)...........................................................................18

*Turner v. Cook*,
  362 F.3d 1219 (9th Cir. 2004) ..............................................................................14

*United States v. Liquidators of European Fed. Cred. Bank*,
  630 F.3d 1139 (9th Cir. 2011) ................................................................................7

*Utterkar v. Ebix, Inc.*,
  2015 WL 5027986 (N.D. Cal. Aug. 25, 2015) ........................................................15

*Verde Media Corp. v. Levi*,
  2015 WL 2379564 (N.D. Cal. May 18, 2015) ..........................................................12

*Washington v. Lowe's HIW Inc.*,
  75 F. Supp. 3d 1240 (N.D. Cal. 2014) ..........................................................1, 6, 15

*Whole Woman's Health v. Hellerstedt*,
  579 U.S. 582 (2016) ..........................................................8

**Statutes**

18 U.S.C. § 1962(c) ..........................................................11, 12

18 U.S.C. § 1964(c) ..........................................................10

47 U.S.C. § 230(c)(1) ..........................................................8

**Other Authorities**

Fed. R. Civ. P. 9(b) ..........................................................13

Fed. R. Civ. P. 41(d) ..........................................................18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF ISSUES TO BE DECIDED

(1)     Whether Loomer should be granted leave to file a Second Amended Complaint.

(2)     Whether Twitter is entitled to cost from the previously dismissed but identical lawsuit Loomer brought against it under Rule 41(d) should leave to amend be granted.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INTRODUCTION

Plaintiff Laura Loomer[1] seeks leave to file her third complaint against Twitter[2] and the other defendants in this case.  Leave to amend should be denied. Every factor in the Rule 15 analysis counsels against leave.[3]

Loomer's Proposed Second Amended Complaint adds "new" allegations about Twitter's supposed use of a system to communicate with the U.S. Government (Dkt. 114-2 ¶¶ 8, 242), the release of certain Twitter documents (*Id*. ¶¶ 3, 232–41), and congressional testimony or "admissions" by former Twitter's employees and Twitter's new CEO (*Id*. ¶¶ 4–10, 242–51).  These new allegations are futile; none of them salvage the fatal defects in Loomer's complaint that Twitter identified in its motion to dismiss her Original Complaint and her First Amended Complaint. *Infra* Argument § I. First, notwithstanding the proposed amendments, Loomer's suit remains barred by res judicata because she is challenging the banning of her Twitter account—the same basis for her dismissed claims in *Freedom Watch, Inc. v. Google, Inc.*, 816 F. App'x 497, 499 (D.C. Cir. May 27, 2020) ("*Freedom Watch*"). Second, Loomer's proposed amendments do not change the fact that Section 230 immunizes Twitter from liability for removing Loomer's account from Twitter's platform. Third, none of Loomer's newest allegations, independently or together with preexisting allegations, plausibly make out a RICO or RICO conspiracy claim against Twitter.

---

[1] This Opposition uses "Loomer" and "Plaintiff" to refer to Plaintiffs Laura Loomer and Laura Loomer for Congress, Inc.

[2] Unless otherwise noted, "Twitter" refers to both Defendant Twitter, Inc., and its former CEO defendant Jack Dorsey.

[3] The Court has set oral argument on both Loomer's motion and Defendants' motions to dismiss the First Amended Complaint during the same hearing. Twitter respectfully requests the Court first address the motions to dismiss. If the Court grants the dismissal motion, in whole or in part, then the Court can determine whether to grant leave to amend by evaluating Loomer's motion for leave (and the Proposed Second Amended Complaint) to determine whether that proposed pleading has rectified the bases for dismissal. *See Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1253 (N.D. Cal. 2014) (denying leave to amend while considering pending motions to dismiss because the already docketed proposed amended pleading gave the "Court insight into what exact purpose would be served by granting Plaintiff leave to amend"). If it does not, as Twitter contends, then the Court should dismiss the First Amended Complaint with prejudice.

---

1    Separate from futility, all of the other factors courts consider when considering a motion

2    to amend—prejudice, failure to cure, undue delay, and bad faith—favor denial here. *Infra*

3    Argument § II. Given Loomer's repeated failure to assert a viable claim against Twitter, granting

4    a belatedly filed motion for leave to amend would prejudice Twitter. Twitter would be forced to

5    move to dismiss a complaint that suffers from the same defects that Twitter already identified for

6    Loomer—twice—but that she has not, and cannot, cure. There is no reason to waste the parties'

7    and the Court's resources on further briefing for a complaint that fails as a matter of law and will

8    continue to do so.

9    This Court should reject Loomer's invitation to prolong this meritless lawsuit and reject

10   Plaintiff's effort to amend as futile. To the extent the Court grants Loomer's motion, Twitter

11   respectfully requests that the Court order payment of costs and stay the case, pending payment,

12   pursuant to Federal Rule of Civil Procedure ("Rule") 41(d). *Infra* Argument § III.

13   **BACKGROUND**

14   **A.   Twitter Banned Loomer on November 21, 2018, for Engaging in Hateful Conduct, Which Prompted Loomer to File Separate Suits Shortly Thereafter.**

15   Users of Twitter's services are subject to Twitter's User Agreement, which includes,

16   among other things, Twitter's rules and policies. *See* Dkt. 79 ("Motion to Dismiss the Amended

17   Complaint" or "MTD") at 15.[4] Twitter's rules prohibit the use of hateful language, tropes, images,

18   and other similar content on the platform. Twitter reserves the right to ban users from the platform

19   "for any or no reason." *Id*. On November 21, 2018, Twitter permanently banned Loomer ("2018

20   Ban") for engaging in "hateful" conduct. *Id*.; Am. Compl. ¶ 217.[5]

21   The next month, Loomer filed *Freedom Watch* against Twitter and other companies

22   (including Facebook) that banned Loomer from using their platforms. Am. Class Action Compl.,

23   *Freedom Watch*, No. 18-cv-2030, Dkt. 28. In *Freedom Watch*, Loomer asserted that the 2018 Ban

24

25   _____

[4] All page numbers refer to ECF generated numbers at the top of each document.

26   [5] Twitter hereby incorporates by reference the factual background as described in Twitter's

27   memorandum in support of its pending motion to dismiss the amended complaint. *See* Dkt. 79 at 14–17.

28

DEFENDANTS TWITTER, INC., AND JACK DORSEY'S OPPOSITION TO MOTION FOR LEAVE TO AMEND
Case No. 3:22-cv-02646-LB

violated the Sherman Act, the D.C. Human Rights Act, the First Amendment, and 42 U.S.C. § 1983. *Id*. In 2019, the court dismissed Loomer's complaint for failure "to state viable legal claims" against Twitter and other defendants. 368 F. Supp. 3d 30, 37 (D.D.C. 2019). The D.C. Circuit affirmed the dismissal, 816 F. App'x 497, and the Supreme Court denied the plaintiffs' petition for certiorari, 141 S. Ct. 2466 (2021).

Loomer also sued Twitter in *Illoominate Media v. CAIR* alleging various claims in tort arising from the 2018 Ban.  *Illoominate Media, Inc. v. CAIR Found.*, 2019 WL 13168767 (S.D. Fla. Nov. 19, 2019), *aff'd, Illoominate Media, Inc. v. CAIR Florida, Inc.*, 841 F. App'x 132 (11th Cir. 2020). Twitter learned of the lawsuit and began to prepare a response.  But Loomer never served Twitter and voluntarily dismissed it from the case. The district court ultimately concluded as to the served defendants that her complaint was barred by Section 230 and otherwise failed to state viable claims. *Illoominate Media, Inc.*, 2019 WL 13168767, at *3.

**B.    Loomer Filed This Lawsuit Nearly a Year Ago and Now Has Twice Taken Steps to Amend Her Complaint after Twitter Briefed Motions to Dismiss.**

After exhausting appeals in *Freedom Watch*, Loomer filed this suit on May 2, 2022, against *inter alia* Twitter and Jack Dorsey, claiming violations of (1) federal RICO, 18 U.S.C. § 1962(c), and (2) federal RICO conspiracy, 18 U.S.C. § 1962(d). Dkt. 1. On August 8, Twitter filed its Motion to Dismiss the Complaint, arguing that Loomer's suit was barred by res judicata and Section 230 of the Communications Decency Act of 1996, failed to state any RICO claim, and improperly sought punitive damages. Dkt. 57. On the day Plaintiff's opposition was due, Loomer filed an Amended Complaint. Dkts. 68–69.

On October 27, Twitter filed its Motion to Dismiss the Amended Complaint, in which it asserted largely the same legal arguments as in its first motion to dismiss. Dkt. 79. Twitter asked the Court to dismiss the case with prejudice because "Loomer has demonstrated the futility of further amendment":

> In their first motion to dismiss, ECF No. 57, the Twitter Defendants identified precisely the same deficiencies raised here. Despite being placed on notice of these obvious defects, Loomer failed to cure them. Instead, Loomer's

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

amendments are unrelated to the Twitter Defendants and have no bearing on her legal claims.

Only after Twitter's motion to dismiss the amended complaint was fully briefed, and less than 48 hours before the scheduled hearing on the same (Dkts. 79, 87, 109), Loomer filed the instant Motion for Leave to File Second Amended Complaint ("Motion"). Dkt. 114 at 2.

### C.    Plaintiff's Motion and Proposed Second Amended Complaint.

Loomer asks this Court to grant leave to again amend her complaint pursuant to Rule 15(a)(2). Dkt. 114 ("Motion"); *see* Dkt. 114-2 ("Proposed SAC"). Loomer's Proposed SAC does not add new claims against Twitter but rather continues to assert federal RICO and RICO conspiracy claims. Dkt 114-2 ¶¶ 394–436. In the Motion, Loomer asserts that amendment is appropriate in order "to conform the pleadings to new evidence obtained since the filing of the First Amended Complaint." Dkt 114 at 2. She describes two categories of "new evidence": (1) information contained within certain Twitter documents ("termed the 'Twitter Files'") purportedly "relating to Twitter's coordination with federal government agents (primarily the Federal Bureau of Investigation) to censor political speech, including stories relating to the Hunter Biden laptop" (*Id*. at 2); and (2) a congressional hearing on "Protecting Speech from Government Interference and Social Media Bias, Part 1: Twitter's Role in Suppressing the Biden Laptop Story" ("Laptop Hearing") (*Id*. at 3). The Motion concludes, without discussion, that the "new evidence" is "directly relevant to Plaintiffs claims" and that the "amendment is not frivolous, not unduly prejudicial, will not cause undue delay and Plaintiffs have not engaged in any bad faith." *Id*. at 4.

The Proposed SAC adds 49 paragraphs, and modifies others, purporting to tell "the true story of how the most banned woman in the world was victimized by the most powerful forces imaginable and had both of her US Congressional campaigns interfered in by Big Tech and the agents within the Federal government." Proposed SAC ¶ 13.[6] In "new" allegations, the Proposed SAC alleges that Twitter, Meta, other entities, and unidentified "agents of the federal government"

---

[6] At the request of Twitter's counsel, Loomer's counsel provided a redline comparing the Proposed SAC to Loomer's previous Amended Complaint. For the Court's convenience, Twitter attaches this redline. *See* Declaration of Jonathan A. Patchen ("Patchen Decl."), Exhibit A.

Defendants Twitter, Inc., and Jack Dorsey's Opposition to Motion for Leave to Amend
Case No. 3:22-cv-02646-LB

were part of "one of the most brazen criminal conspiracies in American history—a concerted and coordinated conspiracy to censor millions of Americans and interfere with . . . [their] right to free and fair elections." *Id*. ¶ 2. Loomer pleads that her injury as to Twitter is the 2018 Ban: "On November 21, 2018, Defendant Twitter permanently banned Ms. Loomer for 'hateful' conduct after she tweeted that Congresswoman Ilhan Omar was 'anti-Jewish.'" *Id*. ¶ 253. Loomer claims the 2018 Ban damaged her reputation and prevented her from being able to "interact with President Trump or even reply to his congratulatory tweet" about her winning the primary election in 2020. *Id*. ¶¶ 291–300. Loomer alleges that if she had access to Twitter in 2020, she "would have won the Republican nomination in Florida's 11th District, and she would currently be in Congress." *Id*. ¶ 301.

As far as the "new evidence" relating to Twitter, Loomer alleges that the "Twitter Files" and Laptop Hearing reveal Twitter's "deep entanglement" with federal agencies to "censor speech" and use of "visibility filtering" to "blacklist prominent conservatives." *Id*. ¶¶ 3, 233–46. Loomer concedes that she "[w]as not specifically named in the Twitter Files as being one of these prominent conservatives who were blacklisted" but that "it is extremely likely that her account was also blacklisted in the same manner." *Id*. ¶ 241. Loomer also alleges that the Laptop Hearing "revealed" that Twitter communicated with the federal government on a platform called "JIRA" to "eliminate" political speech and interfere with elections (*id*. ¶¶ 8, 242) and "worked in coordination for years with agents of the federal government, and law enforcement and intelligence communities to illegally and fraudulently silence users and interfere in American elections, and engaged in other illegal activities such as providing material support to known terrorist organizations" (*id*. ¶¶ 4–10, 242–46). Loomer additionally alleges that Twitter's CEO made public statements admitting "election interference" and "shadowbanning." *Id.* ¶ 247–51.

## LEGAL STANDARD

Rule 15 provides district courts with the discretion to deny a motion to amend a complaint. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). "In determining whether

to grant a motion to amend, a court considers five factors: '(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint.'" *Washington*, 75 F. Supp. 3d at 1245; *see also Leadsinger*, 512 F.3d at 532. Courts "may give more weight" to prejudice and futility than the other factors. *Washington*, 75 F. Supp. 3d at 1254. "Futility alone can justify denying leave to amend." *Oswald v. Identiv, Inc.*, 2018 WL 3429081, at *3 (N.D. Cal. July 16, 2018); *see also, e.g.*, *Leadsinger*, 512 F.3d at 532 (affirming denial of leave to amend where the "complaint could not be saved by any amendment"). Further, "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

## ARGUMENT

The Court should deny Loomer's Motion. Any amendment would be futile because Loomer's lawsuit against Twitter is barred as a matter of law under both res judicata and Section 230. *Infra* § I(A). It would additionally be futile because the "new" allegations in Loomer's Proposed SAC do not plausibly allege RICO or RICO conspiracy claims. *Infra* § I(B).  Contrary to her conclusory assertion otherwise, Loomer also fails to meet any of the other factors courts consider when determining whether to grant amendment, including prejudice and failure to cure. *Infra* § II. To the extent the Court grants Loomer's Motion, Twitter respectfully requests that it invoke Rule 41(d) and impose costs and a stay relating to her voluntary dismissal of *CAIR*. *Infra* § III.

## I.   IT WOULD BE FUTILE TO PERMIT LOOMER TO AMEND THE COMPLAINT.

### A.   The "New" Evidence Does Not Change That Loomer's Lawsuit Is Barred by Res Judicata.

It would be futile to permit amendment because, as Twitter's Motion to Dismiss the Amended Complaint explains in detail, res judicata applies to bar Loomer's claims. *See* MTD at 18–22; *see Datt v. Wells Fargo Bank, N.A.*, 2019 WL 5722384, at *4 (N.D. Cal. Nov. 5, 2019)

1    (where "res judicata bars" the claims "granting Plaintiffs leave to amend would be futile"). Loomer

2    has previously conceded that two of the three required elements of res judicata are met: a final

3    judgment in *Freedom Watch* and privity between the parties in that suit and this one. *See* MTD

4    Reply at 6. None of the new "factual developments" do, or could, alter that conclusion.

5         Nor does the "new" evidence change the analysis as to the third factor, identity of the

6    claims. Loomer concedes, as she must, that her alleged injury as to Twitter is the 2018 Ban and

7    purported resulting harms, which also were the alleged injury and harms in *Freedom Watch*. *See*

8    Freedom Watch Compl. ¶ 81 (injury and loss of following); Proposed SAC ¶ 13 ("Loomer was the

9    first federal candidate in American history to be de-platformed and deliberately denied access by

10   Twitter"), *id.* ¶ 232 (complaining about "Ms. Loomer's de-platforming"); *see also* MTD at 18–19;

11   MTD Reply at 6–7. Because Loomer's lawsuit continues to seek to redress the same injury as

12   *Freedom Watch*, both cases arise out of the "same transactional nucleus of fact" and are identical

13   as a matter of law. *United States v. Liquidators of European Fed. Cred. Bank*, 630 F.3d 1139, 1151

14   (9th Cir. 2011) (res judicata applies where claims based on "same transactional nucleus of fact");

15   *see also Monterey Plaza Hotel Ltd. P'ship v. Loc. 483 of Hotel Emps. & Rest. Emps. Union, AFL-*

16   *CIO*, 215 F.3d 923, 928 (9th Cir. 2000) (affirming dismissal of RICO claim where harms alleged

17   were previously litigated); MTD Reply at 6–7; Opp'n to Twitter's Mot. to Dismiss, Dkt. 87 at 12–

18   13.

19        Res judicata is specifically designed for a case such as this one, where a plaintiff repeatedly

20   tries to sue a defendant based on the same core facts. *See Mpoyo v. Litton Electro-Optical Sys.*,

21   430 F.3d 985, 988 (9th Cir. 2005) ("[r]es judicata relieves parties of the costs and vexation of

22   multiple lawsuits" and "conserves judicial resources") (cleaned up). Loomer's hodgepodge of

23   "new" allegations do not, and cannot, change the fact that both this case and *Freedom Watch* arise

24   from the same injury, and allegations of *new* conduct to support an *old* claim or a new *theory* does

25   not save her from the preclusive effect of res judicata. *See Smith v. Barrett, Daffin, Frappier,*

26   *Treder & Weiss, LLP*, 2019 WL 2525185, at *9 (N.D. Cal. June 19, 2019) ("Switching legal

27

28

DEFENDANTS TWITTER, INC., AND JACK DORSEY'S OPPOSITION TO MOTION FOR LEAVE TO AMEND
Case No. 3:22-cv-02646-LB

theories or adding allegations does not create a new claim sufficient to avoid *res judicata*"); MTD Reply at 8 (citing cases).[7]

**B.     Granting Leave to Amend Would Be Futile Because Section 230 Continues to Bar Loomer's Claims.**

Section 230 likewise continues to bar Plaintiff's claims. As explained, Loomer's lawsuit is, and has always been, a challenge of Twitter's 2018 Ban of Loomer's account on its platform. Binding authority immunizes Twitter's decision to remove third-party content on Twitter's site— including putative content providers. *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1170–71 (9th Cir. 2008) ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230."). Courts in this district routinely hold that Section 230 protects Twitter and other similarly situated platform providers from a lawsuit challenging their removal of third-party content on their platforms. *See* MTD at 34–35; MTD Reply at 8–12. None of the new allegations in Loomer's Proposed SAC implicate Twitter's Section 230 immunity by suggesting that Twitter is not a "provider" of an "interactive computer service" under the statute or that Twitter's alleged conduct would not constitute third-party content moderation decisions. *See* 47 U.S.C. § 230(c)(1); *Roommates*, 521 F.3d at 1170–71. To the extent Loomer tries to argue that Twitter is transformed into a content provider by excluding certain content and purportedly "controlling the narrative," such contention has been rejected by the Ninth Circuit and courts in this District. *See* MTD Reply at 9–10.

It therefore would be futile to permit Loomer to file the Proposed SAC because her claims would be barred as a matter of law under Section 230. *See King v. Facebook, Inc.*, 572 F. Supp.

---

[7] Loomer has previously tried to avail herself of a statement in *Whole Woman's Health v. Hellerstedt*, 579 U.S. 582 (2016) that "the development of new material facts can mean that a new case and an otherwise similar previous case do not present the same claim." Opp'n at 12. But the Supreme Court disavowed that analysis, and in any event it would not be applicable here because none of the alleged "new factual developments" have anything to do with Loomer or give rise to a new claim. *See* MTD Reply at 7 (citing *Dobbs v. Jackson Women's Health Org.*, 142 S.Ct. 2228 (June 24, 2022)).

DEFENDANTS TWITTER, INC., AND JACK DORSEY'S OPPOSITION TO MOTION FOR LEAVE TO AMEND
Case No. 3:22-cv-02646-LB

3d 776, 792 (N.D. Cal. 2021) (futile to allow amendment where claim for disabling account barred by Section 230); *Fyk v. Facebook, Inc.*, 2019 WL 11288576, at *3 (N.D. Cal. June 18, 2019) ("[G]ranting leave to amend would be futile in this instance as Plaintiff's claims are barred" by § 230(c)(1)).

**C.    It Would Be Futile To Permit Loomer To Further Amend The Complaint Because Loomer's Proposed Second Amended Complaint Does Not Sufficiently Allege Any RICO Claim**

Twitter explained in painstaking detail the reasons why Loomer's Amended Complaint failed to establish requisite RICO standing or sufficiently allege a RICO or RICO conspiracy claim. *See* MTD at 22–33. While Loomer now proposes to further amend the complaint with factual allegations as to JIRA, the Twitter Files, purported "admissions" by Twitter's new CEO, and "exchanges" in the Laptop Hearing, precisely *none* of these allegations is relevant to the RICO claims—let alone cures the deficiencies in the Amended Complaint.

1.    Loomer's Proposed Allegations Would Not Establish RICO Standing

Loomer's failure to establish Article III or RICO standing, as Twitter described in its motion to dismiss, continue to persist in Loomer's Proposed SAC because she still fails to provide a "direct relation," or any connection, between the alleged predicate acts (i.e., Twitter's alleged provision of material support to terrorists and conspiracy to overthrow the government) and the injuries Loomer has allegedly suffered (i.e., deprivation of Twitter account and resulting reputational and consequential harm). *See* MTD at 23–25; Reply 12–15; *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co. Ltd.*, 943 F.3d 1243, 1249 (9th Cir. 2019) (citation omitted) (RICO demands "some direct relation between the injury asserted and the injurious conduct alleged"); *see also Doe v. Walmart Inc.*, 2019 WL 499754, at *8 (N.D. Cal. Feb. 8, 2019) (citation omitted) (constitutional standing). While Loomer's alleged harms have multiplied, they still are too "speculative and amorphous" to be sufficient as a matter of law. *See* ¶ 13 ("largely destroyed her life, prevented her from being elected" and "eviscerated her earning capacity"), ¶ 291 ("smear campaigns"), ¶ 292 (damage to "her credibility as a candidate"), ¶¶

293–95 ("vicious rumors"), ¶ 296 ("tarnished" reputation), ¶ 299 (inability to interact with

President Trump), ¶ 301 (loss of the "Republican nomination in Florida's 11th District").

In addition to being speculative, each of these new allegations is reputational or forward-looking, and thus Loomer also fails to come close to the "proof of concrete financial loss" that is required. *See Oscar v. Univ. Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) (citation omitted) ("[A] showing of 'injury' requires proof of concrete financial loss, and not mere 'injury to a valuable intangible property interest.'"), *abrogated on other grounds by Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005). While Loomer now alleges that she has "expended over one million ($1,000,000.00) in legal fees in her endeavors to hold Twitter and other Big Tech corporations responsible for their censorship, collusion with terrorist organizations, and coordination with government agents," Proposed SAC ¶ 290, legal fees are expressly separate from the harm to business or property that is required under the statute. *See* 18 U.S.C. § 1964(c) ("Any person injured in his business or property . . . shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."). Nor are the alleged fees injuries proximately caused by Twitter's alleged predicate acts. *See Holmes v. Secs. Investor Prot. Corp.*, 503 U.S. 258, 268–69 (1992) (claims based upon harm "flowing merely from the misfortunes visited upon a third person" are too remote to satisfy proximate cause requirement). Where plaintiffs, as here, have failed to establish RICO standing, courts have dismissed RICO claims without leave to amend. *See Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087–88 (9th Cir. 2002) (affirming dismissal and denial of leave to amend where plaintiffs did not and could not allege standing to sue under RICO); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990) (affirming dismissal of complaint where amendment to allege RICO standing would be futile).

2.   Loomer's Proposed SAC Would Not Sufficiently Allege a RICO Claim Against Twitter

As with Loomer's Amended Complaint, the Proposed SAC fails to plausibly plead the requisite elements for a RICO claim. *See* MTD at 25–36; *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (RICO plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4)

of racketeering activity (5) causing injury to plaintiffs' business or property" (internal quotation marks omitted)). Loomer's new allegations as to RICO assert that Twitter engaged in purported communications with the federal government through JIRA to censor political candidates (¶¶ 8, 9, 232, 242-43). These allegations do not sufficiently allege how *Defendants* associated in fact. *See Boyle v. United States*, 556 U.S. 938, 946 (2009) (pleading enterprise requires features including "relationships among those associated with the enterprise"); *see also* MTD at 25–26 (citing cases). Nor do these allegations make sense of how or why Twitter would conspire *with the federal government* to *overthrow the federal government*, as Loomer seeks to allege elsewhere. *See* Proposed SAC ¶ 379. It appears that Loomer is seeking to plead a hybrid—RICO *plus* state action. But both aspects of that hybrid are futile. *See Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991) (dismissing RICO claims against government defendants); *Freedom Watch* (rejecting state action claim); *O'Handley v. Weber*, 2023 WL 2443073, at *4–8 (9th Cir. Mar. 10, 2023) (same).

Beyond these facially deficient allegations, Loomer proposes to allege nothing new as to the supposed "Community Media Enterprise" in which Twitter allegedly participated, and the Proposed SAC would therefore continue to fail to demonstrate the existence of an enterprise as required under RICO. *See* Proposed SAC ¶¶ 46–75, 401; *Ove*, 264 F.3d at 825. Having failed to allege an enterprise, Loomer also has not sufficiently alleged that Twitter "conduct[ed]" or "participate[d]" in the "conduct of such enterprise's affairs." 18 U.S.C. § 1962(c); *see* MTD at 27–28.

Loomer's Proposed SAC seeks to include a handful of "new" allegation purporting to show that Twitter and other defendants (1) committed wire fraud (Proposed SAC ¶¶ 346–351), (2) provided "material support or resources to designated foreign terrorist organizations" (*id*. 365–366), and (3) advocated to overthrow the government (*id*. ¶ 379). None of these allegations amount

1    to adequately pleaded predicate racketeering acts against Twitter as required by the RICO statute.

2    *See* 18 U.S.C. § 1962(c).[8]

3         As to wire fraud, although Loomer's allegations continue to center on a purported "scheme

4    to defraud" by Meta and Proctor and Gamble, Loomer attempts for the first time to also allege

5    conduct against Twitter. The Proposed SAC alleges that "defendants" engaged in wire fraud by

6    "incorrectly labeling Ms. Loomer as 'dangerous,' fraudulently deactivating and banning Ms.

7    Loomer and her political page" (*id.* ¶ 346), persuading "social media users to redirect their

8    attention and donat[ions]" away from Ms. Loomer (*id.* ¶ 347), and taking away "from users the

9    right to decide on which candidate they want[] to follow" (*id.* ¶ 348). Loomer now seeks to allege

10   that Defendants gave "false" assurances that political candidates "would be treated fairly and

11   afforded the right to use their services" (*id.* ¶ 349), that Twitter's current CEO has made certain

12   statements regarding "shadow banning" and "election interference." (*id.* ¶ 350), and that

13   Defendants deprived Loomer of "rights to manage their own political campaign profile, the equal

14   right to spread knowledge and share that profile page, and the ability to solicit donations … as a

15   result of the dishonest acts, misrepresentations, and omissions by Defendants that were intended

16   to deceive Plaintiffs and users" (*id.* ¶ 351).  These allegations do not demonstrate that Twitter

17   engaged in wire fraud, any purported "scheme to defraud," or had any "specific intent to defraud,"

18   and they do not show that Twitter used "wire, radio, or television to further the scheme," or suggest

19   that Twitter had any "specific intent to defraud." *See Verde Media Corp. v. Levi*, 2015 WL

20   2379564, at *4 (N.D. Cal. May 18, 2015) (wire fraud requires "(1) the existence of a scheme to

21   defraud; (2) the use of wire, radio, or television to further the scheme; and (3) a specific intent to

22   defraud"). Nor would it be reasonable to infer that Loomer's 2018 Ban pursuant to Twitter's own

23   policies would be part of a "scheme to defraud," and Loomer's general allegations regarding

24   prohibiting user accounts and election interference do not amount to a scheme let alone a

---

[8] Loomer does not propose new allegations as to the predicate acts of transportation in aid of racketeering (*id.* ¶¶ 319–327) or extortion (*id.* ¶¶ 302–318), and therefore those predicate acts remain deficiently pleaded for the reasons Twitter has previously explained. *See* MTD at 30–32; MTD Reply at 18–19.

DEFENDANTS TWITTER, INC., AND JACK DORSEY'S OPPOSITION TO MOTION FOR LEAVE TO AMEND
Case No. 3:22-cv-02646-LB

fraudulent one. Loomer's allegations regarding false assurances and dishonest acts are, moreover, far too vague to satisfy the stringent pleading standards for fraud under Rule 9(b). *See* Fed. R. Civ. P. 9(b); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) ("[T]he pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.").

Loomer's attempt to add "new" allegations to support her claim that Twitter provided material support to foreign terrorist organizations do not demonstrate any such support and instead repackage Loomer's grievances regarding what content Twitter chooses to remove from its platform. Proposed SAC ¶¶ 365–66 (alleging that "[d]efendants" removed Loomer's content but "did not remove [those of] known and designated terrorists and terrorist organizations"). As Twitter has explained previously, Twitter's decision about what content to allow and what to exclude is squarely protected under the First Amendment. *O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1186–87 (N.D. Cal. 2022) ("Like a newspaper or a news network, Twitter makes decisions about what content to include, exclude, moderate, filter, label, restrict, or promote, and those decisions are protected by the First Amendment"); *Huber v. Biden*. 2022 WL 827248, at *6 (N.D. Cal. Mar. 18, 2022) ("It is well-established that First Amendment protects the 'exercise of a publisher's editorial control and judgment'") (cleaned up) (citation omitted); *see also* MTD at 30.

Loomer's attempt at amendment also does not alter the insufficiency of the other RICO-related elements. Regarding Loomer's allegations as to advocating the overthrow of government, Loomer's new paragraph—alleging that "[d]efendants" are "associated with the terrorist activities" and interfered election process so as to advocate for the overthrow of government—continues to fail to establish a predicate violation because the Smith Act cannot serve as a predicate violation for a RICO claim. *See* MTD at 29–30; MTD Reply at 17–18. And Loomer still cannot show a pattern of "related" racketeering acts by Twitter. *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) ("[a] 'pattern' of racketeering activity also requires proof that the racketeering

predicates are related and that 'they amount to or pose a threat of continued criminal activity'");
*see also* MTD at 28–29; MTD Reply at 19.

### 3. Loomer's Proposed SAC Would Not Sufficiently Allege a RICO Conspiracy Claim Against Twitter

Because Loomer would fail to state a plausible RICO claim, her RICO conspiracy claim would fail as well. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 559 (9th Cir. 2010) (affirming denial for leave to amend plaintiff's RICO conspiracy claim, stating, "Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a violation of RICO"); *Lucero v. IRA Servs., Inc.*, 2019 WL 5812175, at *4 (N.D. Cal. Nov. 7, 2019) (Beeler, J.) (same) (citing *Sanford*, 625 F.3d at 559). Although Loomer adds a conclusory allegation that Twitter was part of a "concerted and coordinated conspiracy to censor millions of Americans," none of Loomer's new allegations plausibly allege *facts* that Twitter had an "agreement" with anyone to do anything—a failure which is fatal to her claim. *See* Proposed SAC ¶¶ 2–3; *see also id.* ¶¶ 302–436 (RICO allegations but no factual allegations of agreement). *See, e.g.*, *Attia v. Google LLC*, 2018 WL 2971049, at *18 (N.D. Cal. June 13, 2018) (pleading RICO conspiracy requires "plausible *facts* suggesting that Defendants were aware of the essential nature and scope of the RICO scheme, and otherwise agreed to participate in a scheme that meets RICO's substantive requirements") (emphasis in original); *Sound Appraisal v. Wells Fargo Bank, N.A.*, 2009 WL 3353057, at *4 (N.D. Cal. 2009) (dismissing RICO conspiracy claim where "Plaintiffs do not allege an agreement to violate RICO by each Defendant").[9]

## II.  THE OTHER RULE 15 FACTORS ALSO CUT AGAINST LEAVE TO AMEND.

The futility of Loomer's proposed amendment is sufficient and dispositive of her motion for leave to amend. All of the other Rule 15 facts confirm that denial of leave to amend is wholly proper here.

---

[9] Loomer did not dispute that her request for $5 Billion in punitive damages was improper, yet attempts to replead the same request in her Proposed SAC. *See* MTD Reply at 19. Such request remains inappropriate. *Id.*; MTD at 37.

1

### A.      Permitting Another Bite At Amendment Would Prejudice Twitter.

2      Twitter has already expended significant resources in briefing its motion to dismiss the

3  Original Complaint and in briefing its motion to dismiss the Amended Complaint. *See* Dkt. 79.

4  Allowing Loomer to file the Proposed SAC would require Twitter to bring yet another motion to

5  dismiss a patently deficient complaint, thereby prejudicing Twitter. *See, e.g.*, *Washington*, 75 F.

6  Supp. 3d at 1254 (N.D. Cal. 2014) ("[t]he existing defendants should not be required to oppose a

7  new complaint that the Court already knows to be wholly defective as a matter of law."); *see also*

8  *Utterkar v. Ebix, Inc.*, 2015 WL 5027986, at *6–7 (N.D. Cal. Aug. 25, 2015) (defendant "would

9  be prejudiced by having to continue litigating" a meritless case "in which it has already secured

10  dismissal with prejudice of all causes of action previously brought against [it]").

11      Even if the cost of another motion to dismiss is not generally considered prejudice—though

12  it is—it is certainly prejudice here.  The very doctrines that form a core of Twitter's motion to

13  dismiss are predicated upon a party benefiting from prompt, final dismissal.  These doctrines and

14  statutory safeguards—res judicata and Section 230 immunity—constitute policy judgments by the

15  courts and Congress that weigh against the general liberal standard for leave to amend under the

16  Federal Rules.  Indeed, the *point* of res judicata is to avoid the "costs and vexation of multiple

17  lawsuits." *Mpoyo*, 430 F.3d at 988; *Tidwell v. JPMorgan Chase Bank, N.A.*, 2013 WL 5539414,

18  at *9 (N.D. Cal. Oct. 8, 2013) (claim preclusion "serves to promote judicial efficiency"). In the

19  same way, the core policy goal of Section 230 immunity is prompt dismissal of lawsuits. *See*

20  *Roommates.com, LLC*, 521 F.3d at 1174 (urging close cases be "resolved in favor of immunity,

21  lest we cut the heart out of section 230 by forcing websites to face death by ten thousand duck-

22  bites . . ."). If Twitter is forced to address yet another amended (and futile) complaint, in

23  contravention of established and important policies against the approach to litigation that Loomer

24  pursues here, Twitter will not only be prejudiced, but unduly so.

25

26

27

28

DEFENDANTS TWITTER, INC., AND JACK DORSEY'S OPPOSITION TO MOTION FOR LEAVE TO AMEND
Case No. 3:22-cv-02646-LB

**B.     Loomer Has, Twice, Received Notice And Failed To Cure.**

As Twitter explained in its Motion To Dismiss the Amended Complaint, Twitter has now twice "identified precisely the same deficiencies raised here" and despite "being placed on notice of these obvious defects, Loomer failed to cure them." Loomer had the opportunity to cure: She filed her Amended Complaint.  That her Amended Complaint failed to cure the defects Twitter identified is because she cannot as a matter of law do so. Loomer's repeated failure to cure these deficiencies is grounds for denying leave to amend. *See Olajide v. President of U.S.*, 2023 WL 2062955, at *3 (N.D. Cal. Feb. 16, 2023) (granting motion to dismiss and denying motion for leave to amend because "Plaintiff's proposed complaint does not remedy any of the deficiencies" in the original complaint); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1033 (N.D. Cal. 2012) ("Defendant's first motion to dismiss placed Plaintiffs on notice regarding the deficiencies of these claims in the complaint, and Plaintiffs failed to cure the defects in the Amended Complaint"); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1089 n.1 (N.D. Cal. 2017) (dismissal with prejudice appropriate where plaintiff "failed to cure th[e] deficienc[ies] identified in" the motion to dismiss original complaint).

**C.     Loomer's Attempt To Amend, Yet Again, Demonstrates Undue Delay And Bad Faith.**

Loomer's strategy is clear: avoid a decision on the merits via multiple pleading amendments while forcing Twitter to incur the expense of briefing multiple motions to dismiss. To this end, Loomer's assertion that she filed the instant motion and Proposed SAC "as soon as reasonably possible after Plaintiffs became aware of the developments" is demonstrably false. The "Twitter Files" were released, according to Loomer's Motion, beginning in December 2022 and the Laptop Hearing occurred on February 8, 2022. Motion at 3-4. Loomer's counsel contacted Defendants' counsels on Saturday, February 11, 2023—*three* days after the Laptop Hearing (but nearly a *month* before Loomer filed her motion)—noting that she intended "to move for leave to file a Second Amended Complaint." Declaration of Jonathan A. Patchen, Exhibit B at 3. Yet Loomer waited to file until 48 hours before the motion to dismiss hearing, when the parties had

1   already dedicated resources to preparing for the hearing. In combination with the other factors,

2   Loomer's decision to wait to seek leave to amend until after the motion to dismiss the first amended

3   complaint constitutes undue delay. *See Sprawldef v. Fed. Emergency Mgmt. Agency*, 2016 WL

4   6696046, at *10 (N.D. Cal. Nov. 15, 2016), *aff'd*, 717 F. App'x 733 (9th Cir. 2018) (Beeler, J);

5   *Cf. Diggs v. Davis*, 2021 WL 9410151, at *7 (N.D. Cal. Sep. 16, 2021) (denying leave to amend

6   where plaintiff "has had a previous opportunity to amend, amendment would be futile, and an

7   amendment would unduly delay this litigation").

8       Loomer's motion was not made in good faith.  Starting with the obvious: the proposed

9   amendments seek to plead a theory that is, at its core, that Twitter conspired with *the federal*

10  *government* to *overthrow* the federal government (and, as a side benefit, provide material support

11  for terrorists).  Moreover, this is the *third* lawsuit that Loomer has filed against Twitter all arising

12  out of the same 2018 Ban. And this marks the *second* time that Loomer has amended or sought

13  leave to amend the complaint only after requiring Twitter to file motions to dismiss. Loomer has

14  taken steps to delay, or avoid, the Court ruling on the merits of Twitter's motions to dismiss—

15  including on two arguments that are impossible to cure (res judicata and Section 230)—by

16  amending her complaint. *See Mobile Emergency Hous. Corp. v. HP, Inc.*, 2022 WL 18098217, at

17  *6 (N.D. Cal. Dec. 7, 2022) (noting, under the "bad faith or dilatory motive" factor, that "[a] court

18  may deny leave to amend if the amendment would 'not save the complaint or the plaintiff is merely

19  seeking to prolong the litigation by adding new but baseless legal theories'") (citing *Griggs v. Pace*

20  *Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999)); *cf. Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*,

21  278 F.R.D. 505, 510 (N.D. Cal. 2011) ("motion to amend was taken in bad faith" where made "as

22  a last-ditch attempt to avoid the case being dismissed in its entirety").

23  **III.   IF THE COURT GRANTS AMENDMENT, TWITTER RESPECTFULLY ASKS
24  THAT THE COURT AWARD THE COSTS CONFERRED IN THE *CAIR* CASE AND
    STAY THIS CASE PENDING SUCH PAYMENT.**

25      If the Court grants leave to amend, Twitter requests that the Court order Loomer to pay

26  Twitter the costs it incurred in the *CAIR* case and to stay this action pending such payment pursuant

27

28

to Rule 41(d).  *See* Fed. R. Civ. P. 41(d).  Rule 41(d) establishes that where, as here, a plaintiff who has "previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." *Id*. Twitter had not previously invoked Rule 41(d) based on the expectation that this case would have been properly and promptly dismissed with prejudice. But Loomer's repeated efforts to prevent the Court from so ruling now warrants the Court granting the relief established by Rule 41(d). *See, e.g.*, *Banga v. First USA, N.A.*, 2010 WL 6184482, at *4–6 (N.D. Cal. Dec. 8, 2010) (recommending award of costs and stay under Rule 41(d) where "Plaintiff filed a new action based on or including the same claim against the same defendant") (Beeler, J.), *report and recommendation adopted*, 2011 WL 941167, at *1 (N.D. Cal. Mar. 16, 2011); *Jurin v. Google, Inc.*, 695 F. Supp. 2d 1117, 1120 (E.D. Cal. 2010) ("Plaintiff may not voluntarily dismiss his original suit only to further harass Defendant with renewed allegations of the same claims"; granting costs of the previous litigation).

The *CAIR* litigation meets the Rule 41(d) standard and—if this case proceeds any further—should be applied here.

## CONCLUSION

For the reasons discussed herein, Defendants Twitter, Inc. and Jack Dorsey respectfully request that the Court deny Loomer's motion for leave to file a second amended complaint as futile and prejudicial.

Dated: March 21, 2023

**WILLKIE FARR & GALLAGHER LLP**

By:  */s/ Jonathan A. Patchen*
Jonathan A. Patchen
Michael Gottlieb
Meryl Conant Governski
Kristin Bender
Yuhan Alice Chi

Counsel for Twitter Defendants