JONES DAY
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Craig E. Stewart (State Bar No. 129530)
cestewart@jonesday.com
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    415.626.3939

Dayme Sanchez (State Bar No. 323864)
daymesanchez@jonesday.com
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:    650.739.3939

Attorneys for Defendant
THE PROCTER & GAMBLE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LOOMER, as an individual and in her capacity as a Candidate for United States Congress, and LAURA LOOMER FOR CONGRESS, INC., <br><br>　　　　　　　Plaintiffs, <br><br>　　v. <br><br>META PLATFORMS, INC., MARK ZUCKERBERG, in his capacity as CEO of Meta Platforms, Inc. and as an individual, TWITTER, INC., and JACK DORSEY, in his capacity as former CEO of Twitter, Inc. and as an individual, THE PROCTOR & GAMBLE CO., and DOES 1-100, Individuals, <br><br>　　　　　　　Defendants. | Case No. 3:22-cv-02646-LB <br><br>**THE PROCTER & GAMBLE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF 114) AND JOINDER IN CO-DEFENDANTS' OPPOSITIONS TO THE MOTION** <br><br>Judge: Honorable Laurel Beeler <br><br>Date: April 13, 2023 <br>Time: 9:30 a.m. <br>Courtroom: B, 15th Floor |

## INTRODUCTION

Plaintiffs' latest attempt to state a valid claim against P&G is more of the same. They propose to add only one new allegation as to P&G—and that allegation only confirms that the complaint must be dismissed, because, at best for plaintiffs, the allegation shows that P&G was pursuing its individual economic interest in a commercial transaction. As P&G has previously demonstrated without rebuttal from plaintiffs, such allegations do not support a RICO claim. The amendment is accordingly futile. For this reason (and for the further reasons explained in the opposition briefs of Meta and Twitter, which P&G joins), the Court should deny the motion for leave to amend and grant the pending motion to dismiss with prejudice given plaintiffs' demonstrated inability to cure the fatal defects in the complaint.

## ARGUMENT

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018); *Sturla v. Dir., F.E.M.A.*, No. C-96-1258 MHP, 1997 WL 255343, at *3 (N.D. Cal. Apr. 28, 1997) (denying motion to amend the complaint and granting motion to dismiss because "allow[ing] th[e] amendment would be futile" because "even with [the new] allegation the claim can be defeated by a dispositive motion"); *Rodriguez v. Int'l Bhd. of Boilermakers*, No. 14-CV-03537-LHK, 2015 WL 7734290, at *6 (N.D. Cal. Dec. 1, 2015) (denying "Plaintiff's motion to amend the complaint" that "add[ed] allegations" because amending the complaint "would not alter the outcome of [defendant's] motion").

Plaintiffs' proposed amendment is futile. The only new allegation against P&G is that Meta's Joshua Althouse told Loomer that "P&G was pressuring Meta to ban Loomer and a list of other high profile conservatives if Meta wished to maintain its advertising revenue agreement with P&G." ECF 114-2 ¶¶ 270–71. Plaintiffs asserted this new allegation in their opposition to P&G's motion to dismiss. ECF 87 at 9. As explained in P&G's reply brief, the new allegation does nothing to cure the defects in her RICO claim because, even accepting the allegation as true, it only confirms that P&G was merely pursuing its individual economic interest in a commercial transaction—*i.e.*, its interest in not having its advertisements appear near offensive content. ECF

- 1 -

P&G's Opp. to Mot. to Amend Compl.
No. 22-CV-02646-LB

110 at 3. As P&G's motion and reply demonstrated, courts have repeatedly held that "[a]llegations . . . consistent with ordinary business activities or purposes are insufficient [to] plead[] an association-in-fact RICO enterprise." *Woodell v. Expedia Inc.*, No. C19-0051JLR, 2019 WL 3287896, at *8 (W.D. Wash. July 22, 2019); *see* ECF 81 at 3–5; ECF 110 at 2. These cases defeat plaintiffs' RICO claim even if the Court were to allow the SAC to be filed.

Plaintiffs cannot salvage their claim by arguing that P&G and Facebook had a "common purpose of suppressing speech." ECF 87 at 25. First, the SAC does not allege any facts showing that P&G harbored any such purpose, as opposed to simply seeking to protect itself from being associated with hateful, discriminatory, or otherwise offensive content. Second, even if P&G had such a purpose, that purpose would not be enough because it is not "unrelated to ordinary business . . . aims"—*i.e.*, its business aim of protecting how its company and products are advertised and what content those advertisements are associated with. *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1175 (E.D. Cal. Jan. 20, 2017); *see also Telford v. Montana Land Exch.*, No. CV 19-2-BU-BMM-JCL, 2019 WL 5300200, at *4 (D. Mont. July 16, 2019) (plaintiff failed to plead common purpose where the "allegations do not plausibly demonstrate all Defendants engaged in enterprise conduct that was distinct from their own individual, ordinary business affairs").

Plaintiffs' failed attempt to add anything that states a valid claim confirms that P&G's motion to dismiss the existing complaint should be granted without leave to amend. As detailed in the oppositions of Meta and Twitter, plaintiffs have had ample opportunity to try to plead a valid claim in this case and in prior litigation over the same issues. And they were fully on notice before submitting the proposed SAC of P&G's arguments why the allegations (including the new allegation) are insufficient as to P&G. Plaintiffs' continuing failure to allege facts beyond conduct that is fully consistent with P&G's independent business interests demonstrates that they cannot state a valid claim and that dismissal with prejudice is proper.

## CONCLUSION

The Court should deny Plaintiffs' motion for leave to file a second amended complaint.

- 2 -

P&G's Opp. to Mot. to Amend Compl.
No. 22-CV-02646-LB

Dated: March 21, 2023

JONES DAY

By: /s/ *David C. Kiernan*
David C. Kiernan
Craig E. Stewart
Dayme Sanchez

Attorneys for Defendant
THE PROCTER & GAMBLE COMPANY

- 3 -

P&G's Opp. to Mot. to Amend Compl.
No. 22-CV-02646-LB