**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAURA LOOMER, as an individual and in her capacity as a Candidate for United States Congress; LAURA LOOMER FOR CONGRESS, INC., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> MARK ZUCKERBERG, in his capacity as CEO of Meta Platforms, Inc. and as an individual; TWITTER, INC.; JACK DORSEY, in his capacity as former CEO of Twitter, Inc. and as an individual; META PLATFORMS, INC.; THE PROCTER & GAMBLE COMPANY, and DOES 1-100, individuals, <br><br> Defendants - Appellees. | No.  23-3158 <br><br> D.C. No. 3:22-cv-02646-LB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Laurel Beeler, Magistrate Judge, Presiding

Argued and Submitted March 19, 2025
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  S.R. THOMAS, OWENS, and COLLINS, Circuit Judges.

Laura Loomer and Laura Loomer for Congress, Inc. (collectively "Loomer") appeal the dismissal of their civil claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, against (1) Mark Zuckerberg and Meta Platforms (formerly known as Facebook) (collectively "Meta"), (2) Jack Dorsey and X Corp. (formerly known as Twitter) (collectively "X Corp"), (3) the Procter & Gamble Company ("Procter & Gamble"), and (4) Does 1–100.

We review a dismissal for failure to state a claim de novo.  *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1096 (9th Cir. 2019).  In reviewing a motion to dismiss, we accept all well-pleaded factual allegations in the complaint as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  To avoid a dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  We affirm.

Loomer alleges two claims against the Defendants: a substantive civil RICO violation and a RICO conspiracy violation.  Loomer alleges that all Defendants are

2

part of the "Community Media Enterprise," a "wide-ranging conspiracy . . . to unlawfully censor conservative voices and interfere with American elections."[1]

I

The district court correctly concluded that Loomer failed to state plausible RICO claims.

A

A substantive civil RICO claim has five elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)).

---

[1] This action is Loomer's fourth lawsuit about this alleged conspiracy. *See Freedom Watch, Inc. v. Google, Inc.*, 368 F. Supp. 3d 30, 34 (D.D.C. 2019) (explaining that Loomer and a nonprofit claimed that Facebook, Twitter, and other technology companies have "work[ed] together to 'intentionally and willfully suppress politically conservative content'"), *aff'd*, 816 F. App'x 497 (D.C. Cir. 2020); *Illoominate Media, Inc. v. CAIR Found.*, No. 19-CIV-81179-RAR, 2019 WL 13168767, at *1–2 (S.D. Fla. Nov. 19, 2019) (explaining that Loomer sued Twitter, but not Facebook, over Twitter's decision to ban her); *Loomer v. Facebook, Inc.*, No. 9:19-cv-80893-RS, 2020 WL 2926357, at *1 (S.D. Fla. Apr. 13, 2020) (explaining that Loomer sued Facebook, but not Twitter, over Facebook's decision to ban her and label her a "dangerous individual"). All three previous lawsuits were dismissed. *See FreedomWatch*, 368 F. Supp. 3d at 33–34; *Illoominate Media*, 2019 WL 13168767, at *1 & n.1; *Loomer v. Facebook, Inc.*, No. 4:20-cv-03154-HSG (N.D. Cal. Aug. 13, 2020), Dkt. No. 88.

Loomer fails to plausibly allege the existence of a RICO "enterprise." "To show the existence of an enterprise under the second element, plaintiffs must plead that the enterprise has (A) a common purpose, (B) a structure or organization, and (C) longevity necessary to accomplish the purpose." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (citing *Boyle v. United States*, 556 U.S. 938, 946 (2009)).

Here, Loomer claims a RICO violation against Meta and X Corp. for their content-based actions in managing their platforms and against Procter & Gamble for doing business with Meta and X Corp. Meta and X Corp. operate social media platforms, on which users place content under terms and conditions established by the corporations and to which users agree as a condition of the corporations allowing them to place content on the platforms. The gravamen of Loomer's complaint is to hold Meta and X Corp liable for deciding whether to block or restrict certain content provided by others. Loomer claims a RICO violation against Procter & Gamble for doing business with Meta and X Corp by placing advertisements on their platforms.

The allegations in Loomer's complaint are not sufficient to establish an "enterprise" within the meaning of RICO. In order to constitute an "enterprise," the plaintiff must allege "a continuing unit that functions with a common purpose."

*Boyle*, 556 U.S. at 948. The operative complaint simply alleges that there was a RICO enterprise because the Defendants had the "common goals of making money, acquiring influence over other enterprises and entities, and other pecuniary and non-pecuniary interests." These allegations are not sufficient to plausibly allege Defendants constitute "a continuing unit that functions with a common purpose." *Id.*

In addition, Loomer does not plausibly allege an enterprise structure. The complaint only alleges that the Defendants, including Does 1-100, "along with YouTube and Google and others" constitute an enterprise, without any allegations of an actual structure.

Further, there are no allegations of the alleged enterprise's longevity in the complaint. In briefing, Loomer only contends the longevity requirement was satisfied because of the Defendants' alleged "long-lasting relationship."

With the complaint lacking plausible allegations of a common purpose, a structure, and the longevity necessary to accomplish the purpose, the district court properly concluded that the complaint fails to state a viable substantive RICO violation.[2] *See Eclectic Props. E., LLC,* 751 F.3d at 997; *Boyle,* 556 U.S. at 946.

---

[2] Because the complaint fails to plausibly allege a RICO enterprise, we need not address whether it satisfies any other RICO requirement.

B

The complaint also fails to state a RICO conspiracy claim. "Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO." *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). Thus, for the reasons already stated, the district court correctly dismissed the RICO conspiracy claim.

II

"We have held that in dismissals for failure to state a claim, a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "It is generally our policy to permit amendment with 'extreme liberality,' although when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citations omitted).

Here, the district court was within its discretion to deny Loomer's motion to amend. Loomer had already amended the complaint once, so the district court had broad discretion to deny the second amendment. The district court correctly

6

determined that the new allegations in the Second Amended Complaint would not affect the decision to dismiss the complaint.

III

In sum, the district court properly dismissed the amended complaint and denied leave to amend. Given our resolution of these issues, we need not, and do not, reach any other issue raised by the parties.[3]

**AFFIRMED.**

---

[3] The district court also concluded that Loomer's claims against Meta and X Corp were barred by *res judicata* and Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1). Given our resolution of the claims against all Defendants, it is unnecessary for us to reach those issues.